# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60537
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YULANDE SCOTT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:12-CR-159

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Yulande Scott challenges the substantive reasonableness of the statutory maximum prison sentence of 36 months imposed upon revocation of his supervised release. He argues that the district court gave too much weight to his criminal history and the circumstances of his initial sentencing and gave too little weight to his obligations at work and his responsibilities for his newborn child that contributed to his missing required treatment sessions. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also argues that the court unreasonably varied above the imprisonment range of 6 to 12 months in the Guidelines policy statement.

Because Scott did not object on this basis in the district court, our review is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Scott seeks to preserve for further review his contention that the plain error standard does not apply.

"A [revocation] sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citation omitted). Under the plain error standard, Scott must further show that such an error is clear or obvious and affects his substantial rights, in which case we have discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 326-27, 332.

Scott has shown no clear or obvious error. At the revocation hearing, the district court listened to Scott's allocution and defense counsel's argument. The district court's weighing of the sentencing factors is entitled to deference, *see Gall v. United States*, 552 U.S. 38, 51 (2007), and we have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum, *Warren*, 720 F.3d at 332.

AFFIRMED.